DEMBOWSKI *v.* STATE OF INDIANA.

[No. 0-871. Filed October 16, 1968.]

*Stanley Dembowski, pro se.*

LEWIS, C. J.—Petitioner has filed with this Court, pursuant to Supreme Court Rule 2-22 (1967), a petition for rehearing

on an unpublished per curiam opinion rendered by this Court under date of September 22, 1967, and said petition for rehearing is hereby granted.

Petitioner claims that his ten (10) to twenty-five (25) year indeterminate sentence for the crime of Robbery is in violation of the Eighth Amendment of the United States Constitution, and Article I, Section 16 of the Indiana Constitution. Petitioner's challenge on the basis of these constitutional provisions is one of first impresson for this Court, and in resolving this case we have interpreted the statutory provision in question with a strong presumption of constitutionality. Upon a careful examination of the applicable law in this area, however, we make a favorable finding on petitioner's claim.

The Eighth Amendment of the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted.*" (Emphasis added).

Article I, Section 16, of the Indiana Constitution requires that:

"Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. *All penalties shall be proportioned to the nature of the offense.*" (Emphasis added).

Petitioner was convicted of Robbery pursuant to Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-4101, which states:

"Whoever takes from the person of another any article of value by violence or putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years. . . ."

Burns' Indiana Statutes, Anno., (1965 Supp.), § 10-4709, provides:

"Any person who being over sixteen (16) years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, or theft while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years, to be fixed by the court: . . ."

It should be noted that the punishment established for the commission of Armed Robbery is a ten (10) to twenty (20) year determinate sentence, and the punishment set by the legislature for the commission of Robbery is a ten (10) to twenty-five (25) years indeterminate sentence. Robbery then, at the very least, carries a sentence which is, on the face of the statutes, five (5) years greater than the maximum sentence permitted for the commission of Armed Robbery.

From a literal reading of the provisions of Burns' § 10-4709, *supra*, the offense of Robbery while Armed would appear to be a distinct offense, with Robbery a separate and not included offense. This Court, however, has consistently ruled that Robbery is a lesser *included* offense of Armed Robbery, and that it is error for a defendant to be convicted of both offenses stemming from the same acts. *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524; *Polson* v. *State* (1893), 137 Ind. 519, 35 N. E. 907; *Taylor* v. *State* (1968), 251 Ind. 236, 236 N. E .2d 825.

The question petitioner raises for our determination, then, is whether the legislature has abused its Constitutional power to define criminal offenses and set penalties thereof, by providing a greater maximum punishment for a lesser included offense. We conclude that in so doing it has.

This Court has several times in recent years (see *Taylor* v. *State, supra*), considered the constitutionality of the variance in sentencing between the Armed Robbery and Robbery statutes. It must be frankly stated, that while petitioner's contentions based on the Eighth Amendment and Article I, Section 16 mandate of the Indiana Constitution are of first impression, we are reversing in part previous rulings rendered on this matter. In ruling that the ten (10) to twenty-five (25) year indeterminate sentence for the crime of Robbery is constitutionally invalid, it must be kept clear what we do not question. We affirm that it is a legislative and not judicial function to set the amount of punishment for a crime, within the constitutional limitations placed on that body. As pointed out in reference to the Indiana Constitutional provisions:

". . . While fines and penalties should not be excessive, and must be proportioned to the nature of the offense, that does not mean that this Court can set aside a conviction and sentence, within the statute, merely because on the record it may seem severe. . . ." *Blue* v. *State* (1946), 224 Ind. 394, 400, 67 N. E. 2d 377.

We do not challenge the right of the prosecutor to seek conviction of a lesser included offense where the facts before the Court show the commission of a greater offense. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549. We in no way modify our decision on the constitutionality of a *determinate* v. *indeterminate* sentencing procedure. *Taylor* v. *State, supra*. We do hold, however, that the legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense.

The Eighth Amendment of the United States Constitution has rarely come before either this Court or the Supreme Court

of the United States. The Amendment has, nevertheless, been "incorporated" through the "due process" clause of the Fourteenth Amendment so as to be applicable to the States. *Gideon* v. *Wainright* (1963), 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799; *Robinson* v. *California* (1962), 370 U. S. 660, 82 S. Ct. 1417, 8 L. Ed 2d 758; *Goss* v. *Bomar* (1964, CA6 Tenn.), 337 F. 2d 341. While the usual appeal to the Supreme Court of the United State invokes the Amendment's privilege against cruel and unusual punishment to prevent the execution of sentences which are literally "cruel and unusual," such as torture or death by fire, this is not the extent of that Amendment's requirements. The Eighth Amendment also impliedly requires essentially what the Indiana Constitution expressly mandates: that all penalties shall be proportioned to the nature of the offense. The Supreme Court of the United States so held in *Weems* v. *United States* (1910), 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793. That case is a lengthy and complex decision that integrally faced questions to be determined under Phillipine law, which at that time consisted of Spanish penal provisions and the United States Constitution. Under the applicable Spanish law, a lesser included offense carried a maximum penalty which was five years greater than the greater offense. In ruling this disparity a violation of the Eighth Amendment, the Court stated:

"... And this contrast shows more than different exercises of the legislative judgment. It is greater than that. It condemns the sentence in this case as cruel and unusual. It exhibits a difference between unrestrained power and that which is exercised under the spirit of constitutional limitations formed to establish justice. . . ." *Weems, supra,* at p. 381.

"... it is a precept of justice that punishment for crime should be graduated and proportioned to the offense. . . ." *Weems, supra,* at p. 367.

See also: The opinion of Frankfurter, Harlan and Whittaker in *Lambert* v. *California,* 355 U. S. 225, 78 S. Ct. 240, 2 L. Ed. 2d 228.

Article I, Section 16, of the Indiana Constitution, *supra,* commands the legislature of this State to proportion punishments with the nature of the offense. To place a reading on this provision other than that as stated by the Supreme Court in *Weems, supra,* would be to ignore the clear mandate of the language. Oregon's Constitutional provisions are identical with those of Article I, Section 16, *supra.* Faced with a similar disparity between punishments provided for a greater and lesser related offenses, the Oregon Supreme Court stated:

". . . It is unthinkable, and shocking to the moral sense of all reasonable men as to what is right and proper, that in this enlightened age jurisprudence would countenance a situation where an offender, either on a plea or verdict of guilty to the charge of rape, could be sentenced to the penitentiary for a period of not more than 20 years, whereas if he were found guilty of the lesser offense of assault with intent to commit rape he could spend the rest of his days in the bastile." *Application of Cannon v. Gladden* (1955), 203 Or. 629, 281 P. 2d 233, 235.

Accordingly, that Court, as we do today, ruled the variance in punishment a constitutional violation of both their State Constitution and the Eighth Amendment of the United States Constitution.

Petitioner is presently incarcerated in the State penitentiary. He has not served, under the sentence entered on the judgment, a period greater than the maximum number of years of the greater offense (Armed Robbery). His incarceration is not, at this point, therefore, prejudicial to his Constitutional rights, and accordingly, we hold that petitioner may assert no claim of an unconstitutional restraint of his person until such time as his punishment extends beyond the Constitutionally permissible limits.

Arterburn, Hunter, Jackson and DeBruler, JJ., concur.

NOTE.—Reported 240 N. E. 2d 815.