MacTATE *v*. STATE OF INDIANA.

[No. 570S112. Filed March 2, 1971. No petition for rehearing filed.]

*Ralph O. Lafuze,* of Hagerstown, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit with the crime of robbery. Upon a plea of not guilty, trial was had before a jury and appellant was found guilty as charged and sentenced to the Indiana State Prison for a term of not less than ten (10) nor more than twenty-five (25) years.

Two questions are raised for our consideration of this appeal, one of which involves the sufficiency of the evidence. We will therefore briefly recite that evidence most favorable to the state. In the early morning hours of January 22, 1969, one Walter Morgan was working at the Golden Imperial Service Station in Richmond, Indiana, when two men entered the station, one of whom was later identified to be appellant. Appellant's accomplice asked the attendant for some cigarettes. At about this time, appellant, who was standing somewhat to the right and behind Morgan, poked a knife in Morgan's back side and asked for his money. Morgan hesitated momentarily and appellant said, "I mean it." By turning slightly, Morgan was able to see about four inches of knife blade and testified that the knife appeared to be a kitchen knife. Morgan placed the money on a desk top and appellant instructed his accomplice to pick it up. During the course of these events, appellant made several threats on Morgan's life but his accomplice attempted to calm him, reminding him that their only interest was in the money.

Appellant's first contention is that the evidence is insufficient to support the verdict in that at no time did Morgan testify that he was in fear. An admission by the victim at trial that he was put in fear, however, is not an essential element in proving robbery if there is substantial evidence of probative value from which the jury might reasonably have inferred that the victim was in fact put in

fear. Here there clearly was ample evidence from which the jury might reasonably have drawn such an inference. Morgan, alone in a service station late at night, was approached by two men and asked for his money; one, the appellant, had a knife which he stuck in the victim's back; Morgan testified that he was able to observe the knife and did so prior to handing any money over to the men. Clearly, his being put in fear was an inference warranted by the evidence.

Secondly, appellant asserts that the sentence imposed by the trial court was incorrect in that the penalty imposed was greater than that which could have been imposed had appellant been charged with committing a felony while armed. With this we must agree. As previously noted, appellant was sentenced to the Indiana State Prison for a period of not less than ten nor more than twenty-five years. Such a sentence is clearly improper under our holding in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815 and subsequent cases where it has been stated that a criminal defendant under our constitution may not be sentenced on a lesser included offense for a term which is longer than that prescribed by law for the greater offense.

Prior to a 1969 amendment (Acts of 1969, ch. 206, § 1), the penalty prescribed for *robbery while armed* was for a determinate period of not less than ten nor more than *twenty* years (Ind. Ann. Stat. § 10-4709 [1956 Repl.]), while the penalty for the lesser offense of *robbery* was for an indeterminate sentence of not less than ten nor more than *twenty-five* years. However, the *Dembowski* decision served to limit the robbery penalty to twenty years.

In 1969, the legislature amended § 10-4709 to provide for a determinate sentence of not less than five nor more than thirty years for committing a felony while armed with a deadly weapon *if* the felony committed carried a penalty exceeding ten years. Since the statutory penalty prescribed for robbery remains at not less than ten nor more than twenty-five years, the penalty for the lesser included

offense of robbery is now less than that which could be imposed upon conviction for the greater offense defined at § 10-4709. Consequently one committing the offense of robbery subsequent to the effective date of the 1969 amendment may now be sentenced in accordance with the robbery statute, i.e. from ten to twenty-five years. However, the offense here in question was committed in January of 1969, and prior to the effective date of the amendment. To apply an increased penalty to crimes committed prior to the effective date of an amendment affecting such penalty would clearly violate the constitutional proscription relating to ex post facto laws. *Davis* v. *State* (1898), 152 Ind. 34, 51 N. E. 928. The appropriate sentence to be prescribed in this case is, therefore, not less than ten nor more than twenty years.

For the foregoing reasons, this cause is remanded to the trial court with directions to enter a nunc pro tunc order modifying appellant's sentence consistent with this opinion.

Modification of sentence ordered.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 76.