EDWARD EUGENE LANDAW, JR. *v*. STATE OF INDIANA.

[No. 171S5. Filed February 28, 1972.]

George P. Roberts, of South Bend, for appellant.

Theodore L. Sendak, Attorney General, William F. Thompson, Assistant Attorney General, for appellee.

DeBruler, J.—The appellant entered a plea of guilty to entering to commit a felony and was sentenced to a term of not less than one nor more than ten years. Several months after his release on parole, he was returned to prison as a parole violator. He thereupon filed a petition for post conviction release seeking to have his sentence set aside and asking for a discharge order.

The appellant argued in his petition that his sentence constituted "cruel and unusual punishment" in that it was not proportional to the offense. This point rests on the fact that entering to commit a felony is a lesser included offense of second degree burglary and, as we held in Dembowski v. State (1968), 251 Ind. 250, 240 N. E. 2d 815, a lesser included offense

cannot carry a greater penalty than the higher offense. In *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498, we had occasion to assess a situation similar to the present one, and there reduced the appellant's sentence from the original one to ten year sentence imposed by the trial court to a sentence of one to five years, holding that the maximum penalty for second degree burglary (five years) cannot be exceeded by the maximum penalty for a lesser included offense of second degree burglary.

In the case before us, the lower court did reduce the appellant's sentence from one to ten years to one to five years, in accordance with our holdings in *Dembowski, supra,* and *Hobbs, supra.* However, that court refused to set the sentence aside and to order the appellant's discharge. This appeal challenges that refusal on the grounds that "there is neither constitutional nor legislative authority for a judicial reduction of appellant's constitutionally tainted sentence which was originally imposed in this case." Thus, the appellant argues that if his original sentence was unconstitutional, the proper remedy is discharge, and not a correction of the sentence to an acceptable maximum. The statute clearly calls for a penalty of not less than one nor more than ten years and the judicial branch of our government has no power to rewrite that statute.

That this argument has force cannot be doubted. It clearly is within the sole power of the Legislature to fix the punishment for crimes, I.C. 1971, 1-1-1-2, being Burns § 9-2401, and this Court has no power to alter that legislative determination. However cogent the argument, it is misplaced in this context since we have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our

judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by constitutionally limiting the maximum penalty to five years in this case, attempt to re-define the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence.

The judgment of the trial court on appellant's petition for post conviction relief is affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 230.