WILLIAM DALE JACOBS *v.* STATE OF INDIANA.

[No. 272A106. Filed August 16, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Paul J. Baldoni,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal from a proceeding on a petition of defendant William Dale Jacobs for post-conviction relief. The sole issue presented is whether the trial court had the authority to reduce petitioner's sentence of not less than ten years nor more than twenty-five years to not less than ten years nor more than twenty years.

The pertinent facts are undisputed and were found by the trial court as follows:

*"FINDINGS OF FACT*

"1. Defendant-movant plead guilty to the offense of Robbery By Putting in Fear and was sentenced on December 5, 1966, to a term of not less than ten (10) nor more than twenty-five (25) years.

"2. On November 23, 1971, defendant-movant filed a Petition for Post-Conviction Relief pursuant to Rule P.C. 1 alleging in Parts '8 and 9' thereof, that his sentence of not less than ten (10) nor more than twenty-five (25) years

was unconstitutional, to wit: violative of Article 1, Section 16, of the Indiana Constitution and the Eighth Amendment to the United States Constitution.

"3. Defendant-movant's Petition for Post-conviction Relief does not raise any genuine issues of material fact."

Thereafter, the trial court entered the following conclusions of law and judgment:

## "CONCLUSIONS OF LAW

"1. The Indiana Supreme Court in the decision of *Dembowski* v. *State*, [251] Ind. [250], 240 N. E. 2d 815, did not usurp the proper function of the legislative branch of state government by not only deciding that the punishment for the included offense of Robbery was unconstitutional, being disproportionate to the penalty for the greater offense of Armed Robbery, but also redefining the proper penalty for Robbery to be not more than twenty (20) years.

"2. Defendant-movant is not entitled to immediate discharge from his Robbery conviction on the legal theory that since the state legislature's function is to provide by statute both the definition of crime and the pentalty [penalty] to be imposed for that crime and the proper judicial function for the Indiana Supreme Court is to only review the constitutionality of such a definition and penalty that, since the Supreme Court has determined that the sentence for Robbery is not less than ten (10) nor more than twenty-five (25) years was uncontitutional [unconstitutional], it did not thereafter have the power to establish a new penalty for the crime of Robbery, Acts of 1941, ch. 148, Sec. 6, as found in Burns' (1956 Repl), Section 10-4101. In short, the Indiana Supreme Court did not usurp the legislature's power in providing a new sentence for Robbery.

"3. Defendant-movant is entitled to have his sentence corrected nunc pro tunc to a term of not less than ten (10) nor more than twenty (20) years.

"IT IS, THEREFORE, ORDERED AND DECREED that defendant-movant's sentence of not less than ten (10) nor more than twenty-five years (25) for Robbery is corrected nunc pro tunc to a term of not less than ten (10) nor more than twenty (20) years."

In *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, the defendant was convicted of the crime of robbery and

given a ten to twenty-five year indeterminate sentence. On review the Supreme Court of Indiana stated that the crime of robbery[1] is a lesser included offense of the crime of armed robbery[2] for which the statutory punishment was not less than ten years nor more than twenty years.[3] The court then stated at 252, 253, 255 of 251 Ind., at 817, 818 of 240 N. E. 2d:

> "The question petitioner raises for our determination, then, is whether the legislature has abused its Constitutional power to define criminal offenses and set penalties thereof,

1. See: IC 1971, 35-13-4-6, Ind. Ann. Stat., § 10-4101 (Burns 1956).
2. See: IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns 1971 Cum. Supp.).
3. Acts 1929, ch. 55, § 1, p. 139, Ind. Ann. Stat. § 10-4709 (Burns 1956), was amended subsequent to *Dembowski* as follows:

"Amendments. The 1965 amendment substituted 'theft' for 'petit larceny or grand larceny' in the first sentence.

"Prior to the 1969 amendment this section read: 'Any person who being over sixteen years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, or theft while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assistant in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten years nor more than twenty years, to be fixed by the court: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes.'

"The 1971 amendment substituted the words 'ten years nor more than thirty years' for the words 'one nor more than fifteen years if the penalty imposed upon the said felony is ten years or less or; shall be imprisoned for a determinate period of not less than five years nor more than thirty years, if the penalty imposed upon the said felony is more than ten years; Provided, however, That in the event the penalty imposed upon the said felony is greater than 30 years, then this act shall not apply' and substituted the word 'chapter' for the word 'act.' "

The instant case was decided under the statute before it was amended in 1969, therefore, the penalty of not less than ten years nor more than twenty years is controlling. See: *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76.

Section 10-4709, *supra*, as amended by Acts 1971, P. L. 453, § 1, provides for an indeterminate sentence of not less than ten years nor more than thirty years.

by providing a greater maximum punishment for a lesser included offense. We conclude that in so doing it has.

\* \* \*

"We do not challenge the right of the prosecutor to seek conviction of a lesser included offense where the facts before the Court show the commission of a greater offense. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549. We in no way modify our decision on the constitutionality of a *determinate* v. *indeterminate* sentencing procedure. *Taylor* v. *State, supra* [(1968), 251 Ind. 236, 236 N. E. 2d 825]. We do hold, however, that the legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense.

\* \* \*

"Petitioner is presently incarcerated in the State penitentiary. He has not served, under the sentence entered on the judgment, a period greater than the maximum number of years of the greater offense (Armed Robbery). His incarceration is not, at this point, therefore, prejudicial to his Constitutional rights, and accordingly, we hold that petitioner may assert no claim of an unconstitutional restraint of his person until such time as his punishment extends beyond the Constitutionally permissible limits."

The rule laid down in *Dembowski* has been followed in the following cases: *Landaw* v. *State* (1972), 258 Ind. 67, 279 N. E. 2d 230; *Moore* v. *State* (1972), 257 Ind. 584, 276 N. E. 2d 840; *Jackson* v. *State* (1971), 255 Ind. 289, 275 N. E. 2d 538; *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76; *McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498.

In the instant case petitioner's contention is that after the Supreme Court of Indiana in *Dembowski* decided that the penalty for robbery was unconstitutional, to-wit: violative of the Eighth Amendment of the Constitution of the United States and Article 1, § 16 of the Constitution of Indiana, the court did not have the authority or power in that case, or any subsequent case, to redefine the penalty for robbery.

The same contention was raised and answered in *Landaw* v. *State, supra,* at 69 of 258 Ind., at 231 of 279 N. E. 2d, as follows:

"In the case before us, the lower court did reduce the appellant's sentence from one to ten years to one to five years, in accordance with our holdings in *Dembowski, supra,* and *Hobbs, supra.* However, that court refused to set the sentence aside and to order the appellant's discharge. This appeal challenges that refusal on the grounds that 'there is neither constitutional nor legislative authority for a judicial reduction of appellant's constitutionally tainted sentence which was originally imposed in this case.' Thus, the appellant argues that if his original sentence was unconstitutional, the proper remedy is discharge, and not a correction of the sentence to an acceptable maximum. The statute clearly calls for a penalty of not less than one nor more than ten years and the judicial branch of our government has no power to rewrite that statute.

"That this argument has force cannot be doubted. It clearly is within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401, and this Court has no power to alter that legislative determination. However cogent the argument, it is misplaced in this context since we have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by constitutionally limiting the maximum penalty to five years in this case, attempt to re-define the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence."

While *Landaw* is distinguishable from the instant case on its facts, the above quoted language is applicable to, and dispositive of, the instant appeal.

No reversible error having been shown, the judgment of the trial court is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 224.