THOMAS LEE NEELEY v. STATE OF INDIANA.

[No. 2-672A21. Filed June 20, 1973.]

*Harriette Bailey Conn (Mrs.)* Public Defender of Indiana, *Malcolm K. McClintick,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

SHARP, J.—On March 10, 1966 the Appellant, Thomas Lee Neeley, was charged by way of affidavit of the offense of robbery. The case was tried before the trial court without the intervention of a jury on July 28, 1966 and the defendant was found guilty. On August 2, 1966 the defendant was sentenced to the Indiana State Reformatory for an indeterminate term of 10 to 25 years. A motion for new trial was overruled on September 25, 1966. For reasons that are not explicit in the record no appeal was perfected from said conviction although the record does disclose that the office of the Public Defender of Indiana and a highly competent and experienced lawyer in Indiana with expertise in the defense of criminal cases were notified by the trial court and investigated the case.

On November 23, 1971 the Appellant filed his petition for post-conviction relief, which was determined by the trial court on April 19, 1972. On April 19, 1972, the trial court entered its findings of fact and conclusions of law and in doing so denied the Appellant's petition for post-conviction relief with two exceptions. The trial court corrected the Appellant's sentence to one providing for imprisonment for not less than ten (10) nor more than twenty (20) years. The trial court also determined that Appellant should have pauper appeal on his previously overruled motion for new trial and the Public Defender of Indiana was ordered to petition for a belated appeal. In regard to the trial court's ruling on the Appellant's petition for post-conviction relief the Appellant filed a motion to correct errors which was denied. On October 2, 1972 this court granted Appellant permission to consolidate the record on the belated appeal with the record on post-conviction relief.

The only issue arising from the original trial is the question of the propriety of the action of the trial court in denying Appellant's counsel a request for continuance. The issues arising from the post-conviction proceedings are the propriety

of the trial court's findings of fact and conclusions of law and the propriety of the Appellant's corrected sentence.

In order to properly decide the issue in regard to the continuance in 1966 it is necessary to make a complete summary of the record between the time of the filing of the affidavit charging robbery on March 10, 1966 and the bench trial on July 28, 1966:

1. On March 11, 1966 an attorney entered appearance for Appellant who then waived arraignment and entered a plea of not guilty.

2. On March 16, 1966 Appellant filed petition for reduction of bond upon which an evidentiary hearing was held and said petition denied.

3. On April 15, 1966 the first attorney withdrew from the case and at the same time a second attorney entered an appearance for Appellant. Appellant moved for a continuance which was granted. The case was set for trial May 26, 1966.

4. On May 16, 1966 a third attorney entered an appearance for Appellant which third attorney withdrew on May 23, 1966. The Appellant also filed a petition for reduction of bond and the same was denied.

5. On May 26, 1966 the second attorney (who had appeared on April 15, 1966) filed request for jury trial which was granted. Appellant moved for a continuance which was granted. The case was continued to July 11, 1966.

6. On June 29, 1966 a fourth attorney appeared for Appellant.

7. On July 1, 1966 that fourth attorney filed a written motion for continuance which motion the trial court denied.

8. On July 7, 1966 the Appellant filed a written waiver of jury trial and also requested a continuance. The continuance was granted and the case set for trial on September 9, 1966.

9. On July 14, 1966 the Appellant filed a written request

for an early trial which was granted and the case set for bench trial on July 28, 1966.

As the above record will disclose on July 1, 1966 there were two attorneys of record for the Appellant in this case, one we have labeled as the second attorney who appeared on April 15, 1966 and the fourth attorney who appeared on June 29, 1966. This was the status of the record when the trial court denied further continuances on July 1, 1966. At that point the trial court had already granted two continuances. The Appellant argues that the denial of continuance coerced the waiver of trial by jury. The record here simply does not compel such a conclusion. The fact that the trial court granted a later continuance also does not compel such a conclusion. In fact, it would appear that the trial court did a considerable amount of adjusting its trial docket at the request of Appellant.

The record in this case is a good example of the reason for the crisis in the criminal trial courts of this nation. The leaders of the bench and bar have engaged in the mouthing of many platitudes over the need for speedy trials in criminal cases. The trial judges who are on the firing line, and not those of us who are privileged to be insulated from such hard realities, have the prime responsibility to the public to insure speedy trial. Necessarily there should be a broad discretion in the control of trial dockets and the exercise of discretion should not be reversed except on a clear showing of abuse. Of course, such discretion cannot be exercised to violate any of the protected constitutional rights of a defendant.

The Appellant cites and relies on TR. 53.4 which became effective January 1, 1970 and would therefore not be binding on the trial court on July 1, 1966. The only Indiana statutes or rules dealing with continuance effective on July 1, 1966 are found in Ind. Ann. Stat. §§ 2-1301—1304 (Burns 1967). The motion for continuance filed by the Appellant on July 1, 1966 is clearly not within the specific provisions of any part of the above statutes.

The law of Indiana on July 1, 1966 was clearly to the effect that a motion for a continuance in a criminal case on other than statutory grounds was addressed to the discretion of the trial court. *Calvert* v. *State* (1968), 251 Ind. 119, 239 N.E.2d 697; *Jay* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128, reh. den. 246 Ind. 534, 207 N.E.2d 501; *Packwood* v. *State* (1963), 244 Ind. 585, 193 N.E.2d 494. Successive applications for continuance are not looked on with favor. *Ingram* v. *State* (1951), 230 Ind. 25, 99 N.E.2d 410. Continuances generally are not favored and will be granted only in the furtherance of justice on proper grounds. *Calvert* v. *State, supra.* Several other recently decided cases are in accord. See *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782; *Placencia* v. *State* (1971), 256 Ind. 314, 268 N.E.2d 613; *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299; *Carlin* v. *State* (1970), 254 Ind. 332, 259 N.E.2d 870; and *Reagon* v. *State* (1969), 253 Ind. 143, 251 N.E.2d 829, cert. den. 397 U.S. 1042.

Based on the well established and broad discretion reflected in the foregoing authorities there is no showing that the trial court abused its discretion in denying the Appellant's continuance on July 1, 1966.

The Appellant next raises a question about an alleged disparity between the findings and conclusions as signed by the trial judge and his oral remarks at the end of the hearing on Appellant's petition for post-conviction relief. The trial judge then instructed the Prosecuting Attorney to prepare findings and conclusions "in more detail." These were prepared and signed, and entered and are the only official findings and conclusions in this case. It is elementary that a court speaks through its record. *State ex rel. Davis* v. *Achor* (1947), 225 Ind. 319, 75 N.E.2d 154; *State ex rel. Thompson* v. *Rhoads* (1946), 224 Ind. 136, 65 N.E.2d 248. In addition there is no suggestion whatsoever as to how any such alleged disparity adversely affected any right of the Appellant.

As to the corrected and modified sentence for robbery of 10 to 20 years the Appellant makes substantially the same argument that Appellant made in *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884. The authorities and reasoning which this district of this court applied in *Barbee* are applicable here and no good purpose would be served to restate them. See also *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786.

In addition the Appellant adds an ingenious argument on the sentence which is without merit. Apparently he argues that Acts 1941, ch. 148, Section 6, IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956 Repl.), has been declared unconstitutional in its entirety and this has given way to the robbery statute, Acts 1929, ch. 55, Sec. 1, as found in IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns 1956 Repl.), which provided for a determinate rather than an indeterminate sentence. The Appellant thus concludes that a 10 year determinate sentence should be imposed. In *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815, our Supreme Court did not hold the above cited 1941 Robbery Statute unconstitutional in its entirety. It dealt only with that provision in the above cited 1941 Act providing for a 10 to 25 year indeterminate sentence. This interpretation of *Dembowski* is confirmed in *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230 and *Jacobs* v. *State* (1972), 153 Ind. App. 102, 286 N.E.2d 224.

The Appellant has failed to demonstrate any basis for reversing the sentence as corrected either in his belated appeal or petition for post-conviction relief.

Affirmed.

Hoffman, C. J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 475.