DWIGHT PERRY; JOSEPH JERRY DAVIS, JR. *v.* STATE OF INDIANA.

[No. 2-972A59. Filed June 27, 1973.]

*Harriette Bailey Conn,* Public Defender of Indiana, *John R. Gerbracht,* Deputy Public Defender, *Malcolm K. McClintick,* Deputy Public Defender, for appellants.

*Theodore L. Sendak,* Attorney General *John McArdle, A. Frank Gleaves III,* Deputies Attorney General, for appellee.

SULLIVAN, J.—These cases arose as separate appeals from Post-Conviction proceedings in which the petitioners sought reductions of their indeterminate sentences for Robbery on

the grounds that the sentences are not, as required by the Indiana Constitution, Article 1 § 16, proportioned to the sentence for Armed Robbery. Since the appeals concern a common question of law, we have consolidated the cases for our consideration, in accordance with AP. 5 (B).

On May 16, 1968, Dwight Perry was sentenced in Marion Criminal Court, Division 2, to serve not less than 10 nor more than 25 years, for the crime of Robbery. In a prosecution for an independent occurrence, Joseph J. Davis received an identical sentence on August 1, 1968. Perry filed for Post-Conviction Relief on January 19, 1972, and Davis followed on January 31, 1972. The court reduced petitioners' sentences to not less than 10 years nor more than 20 years in accordance with *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815, but denied all other relief.

The first assertion presented herein is that the indeterminate 10 to 20 year term received is not proportionate to the determinate 10 to 20 year term prescribed for the more serious offense of Armed Robbery. The alleged disproportion arises from the fact that a prisoner sentenced to the minimum determinate sentence of 10 years for the greater crime would be eligible for discharge after six years and eight months in view of the "good time" diminution of sentence provided by IC 1971, 11-7-6-1, Ind. Ann. Stat., § 13-116 (Burns 1956 Repl.), while a prisoner sentenced to an indeterminate sentence for the lesser crime is only eligible for *parole* after six years and eight months, IC 1971, 11-7-7-1, Ind. Ann. Stat., § 13-119 (a) (Burns 1956 Repl.). While *Dembowski* has corrected the quantitative disproportion, Davis contends that the determinate/indeterminate dichotomy creates a qualitative difference in contravention of Indiana Constitution, Article 1, § 16 which requires that:

"All penalties shall be proportioned to the nature of the offense."

While there are restrictive, if not penal, consequences involved in parole release vis a vis outright discharge, the issue

before us is not presented by way of a habeas corpus petition by a parolee. We do not therefore consider the possible effect of the determinate-indeterminate dichotomy if placed within a different sequential and procedural framework.

The issue presented is identical to that decided by the Supreme Court of Indiana in *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812 and by this court recently in *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786, 787-788, wherein we held:

> "The distinction that is vital in comparing sentences is between duration of imprisonment and duration of the sentence. *Boyd* v. *State* [(1971), 257 Ind. 546, 275 N.E.2d 797] pointed up the distinction: 'Thus, we are clearly concerned only with the *duration of the sentence and not with the term of imprisonment* that may be served thereunder, this being determined by subsequent events.' (Emphasis supplied) So, in a constitutional sense the measure in determining whether the penalty for one crime is greater than another is the maximum duration of the penalty, not the possible duration of imprisonment."

We therefore reject the contention of both appellants with respect to determinate-indeterminate sentences.

Both petitioners next contend that since *Dembowski* held the maximum sentence for Robbery to exceed constitutional limitations, and that since only the legislature is vested with the power to define crimes and prescribe the punishments therefor, the judiciary is without power to amend an "unconstitutional" statute to prescribe a constitutional punishment. Thus, they argue, the present Robbery statute enacted in 1941, IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956 Repl.) is void. Davis contends that this means that there is no Robbery statute in Indiana, and that he must therefore be discharged. Perry, on the other hand, argues less drastically that the prior Robbery Statute (Acts 1929, Ch. 54) remains effective but only to the extent permitting a determinate sentence of 10 years.

The basic determinative question was treated in *Landaw* v.

*State* (1972), 258 Ind. 67, 279 N.E.2d 230, 231 wherein the unanimous Court stated:

"In the case before us, the lower court did reduce the appellant's sentence from one to ten years to one to five years, in accordance with our holdings in *Dembowski, supra,* and *Hobbs, supra.* However, that court refused to set the sentence aside and to order the appellant's discharge. This appeal challenges that refusal on the grounds that 'there is neither constitutional nor legislative authority for a judicial reduction of appellant's constitutionally tainted sentence which was originally imposed in this case.' Thus, the appellant argues that if his original sentence was unconstitutional, the proper remedy is discharge, and not a correction of the sentence to an acceptable maximum. The statute clearly calls for a penalty of not less than one nor more than ten years and the judicial branch of our government has no power to rewrite that statute. That this argument has force cannot be doubted. It clearly is within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401, and this Court has no power to alter that legislative determination. However cogent the argument, it is misplaced in this context since we have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by constitutionally limiting the maximum penalty to five years in this case, attempt to re-define the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence."

To the same effect is *Jacobs* v. *State* (1972), 153 Ind. App. 102, 286 N.E.2d 224.

Davis ignores *Landaw* in his argument; Perry merely asks us to overrule it. However, the reasoning in *Landaw* is persuasive and dispositive of the issue. *Dembowski* did not redefine the punishment for Robbery; it simply set the limit beyond which the trial courts lack authority to impose a sentence.

We therefore affirm the judgments of the court below in reducing Petitioners' sentences to from 10 to 20 years, and denying relief in all other respects.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 297 N.E.2d 450.