HOMER JENNINGS, JR. *v.* STATE OF INDIANA.

[No. 372A143. Filed July 2, 1973. Rehearing denied September 6, 1973.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant Homer Jennings, Jr. from a judgment overruling his petition for post-conviction relief.

Appellant Jennings was charged by affidavit with the offense of robbery. Such affidavit alleged that Jennings took the sum of $90 from Ponciano G. Montmoyor on August 18, 1965. Jennings pleaded not guilty to the charge. Following trial before the court, he was found guilty and sentenced to not less than ten nor more than twenty-five years at the Indiana State Reformatory. Jennings' subsequent motion for a new trial, timely filed on December 10, 1965, was overruled.

On June 28, 1968, Jennings, *pro se,* petitioned the trial court for permission to file a belated motion for new trial alleging that his counsel abandoned him; that the court failed to appoint appellate counsel; and, as a consequence, no appeal was perfected. Such permission was denied; and on September 14, 1970, Jennings filed a petition for post-conviction relief. This petition was overruled on July 9, 1971, and Jennings' indeterminate sentence was modified to a determinate sentence of not less than ten years nor more than twenty years at the Indiana State Reformatory. Jennings' subsequent motion to correct errors was denied on September 27, 1971, and this appeal ensued.

During the trial in 1965 a free-lance certified public stenographer participated as the court reporter. The reporter's notes were destroyed in 1970. As a result of the subsequent death of defense counsel and due to the destruction of the stenotype record, an agreed statement of proceedings has been constructed from the court's notes and personal recollections of the trial.

The summary of the evidence adduced at trial included testimony of the robbery victim, Montmoyor, who identified Jennings from a mug shot as one of his two assailants. The other man was later identified by Montmoyor as Sylvester Jones. The victim alleged that he was robbed at knifepoint by both Jennings and Jones.

Dorothy Jennings, sister of the defendant, testified as an alibi witness. However, upon cross-examination, it was revealed that she had a record of a prior conviction.

Both Jennings and Jones waived their right to separate trial and both sides agreed to consolidation of charges for trial purposes only.

The first issue presented on appeal is whether defendant's trial counsel, Charles H. Wills, gave Jennings adequate and competent representation.

In his motion to correct errors, Jennings asserted that the order by which the trial court denied his motion for post-conviction relief was erroneous in that it held, *inter alia,* that Wills representation was competent and adequate.

Our Supreme Court, in the recent case of *Robbins* v. *State* (1971), 257 Ind. 273, at 278, 274 N.E.2d 255, at 258, stated that:

"There is presumption that counsel appointed or accepted by the court to represent the defendant is competent. Hathaway v. State (1968), 251 Ind. 374, 241 N.E.2d 240; Langley v. State (1968), 250 Ind. 29, 232 N.E.2d 611, cert. den. 393 U.S. 835, 89 S.Ct. 110, 21 L.Ed.2d 106. This presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the court. See, Slawek v. United States, 413 F.2d 957 (8th Cir. 1969)."

In view of the above authorities, the question now presented is whether appellant has advanced sufficient evidence of the alleged incompetency to overcome the presumption.

Jennings asserted that he gave Wills the names and addresses of several alibi witnesses, only one of which was called to testify at his trial. He contends that the trial court, in its order, erred in that it did not adequately justify Wills' failure to call one other available alibi witness and that the order also mentioned nothing of Wills' failure to subpoena other and possibly more credible alibi witnesses.

Appellant contends that further evidence of Wills' neglect was his failure to perfect an appeal; failure to file a notice

of alibi; failure to confer with Jennings but once; failure to advise his client of his inability to locate the requested alibi witnesses until they failed to appear for trial; his subsequent failure to ask for a continuance in order to procure witnesses; and his acceptance of responsibility for the defense of another defendant implicated in the same crime.

Appellant has not advanced adequate proof of his trial counsel's alleged perfunctory performance to warrant reversal on this issue. The presumption of competent representation has not been overcome.

Unfortunately, no substantial test exists to aid in the determination of this question. Although courts have been more sympathetic toward such allegatons advanced by one who has had counsel appointed for him by the court, we are not inclined to grant reversal were appellant has raised no visible objection on these grounds until five years after trial.

Appellant gives great weight to the contention that a list of alibi witnesses was supplied to Wills and that only one of the witnesses was called to testify. This does not indicate incompetency or perfunctory representation. Although it would not be proper to speculate on Wills' reasoning, ample latitude must be given counsel to accomodate variations, in strategy and tactics. See: *Tompa* v. *Commonwealth of Virginia* (4th Cir. 1964), 331 F.2d 552; and *Hoffler* v. *Peyton* (1966), 149 S.E.2d 893, at 899, wherein it is stated:

> "It is next contended that the failure of these attorneys to secure the attendance of these witnesses, * * * and to put on the stand the witness * who was actually present, constituted a fatal delinquency which should avoid the judgments of conviction. But here, too, the courts have universally held that the failure to produce and put on the stand material witnesses is merely an error of judgment which does not constitute lack of effective representation of counsel."

See also: "Effective Assistance of Counsel", 49 Va. L. Rev. 1531, wherein, at 1537, footnote 45, it is stated:

"Moreover, the failure to call witnesses is a matter within the attorney's judgment and it cannot be relied upon as grounds for reversal."

The court in *Bolden* v. *United States* (D.C. Cir. 1959), 266 F. 2d 460, at 461, stated:

"We do not know why trial counsel did not subpoena Magriver, whose address was not given, or 'Ham,' whose real name was unknown. He may well have decided, in view of Galloway's recantation, that as a matter of trial tactics it would be better not to present the alleged alibi. Whatever the reason for it, the decision was for the judgment of counsel and should not now be the basis for a charge of inefficiency. *Mitchell* v. *United States*, 104 U.S. App.D.C. 57, 259 F.2d 787, certiorari denied 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86."

The order of the trial court which denied post-conviction relief indicated that an available alibi witness may not have been used because of doubts concerning his credibility. The trial court's knowledge of this individual's record of conviction would have justified Wills in not calling him to testify. Such does not seem to have been an unwise tactic judged in the light of circumstances existing at the time rather than in view of the trial's outcome.

Jennings contends that other evidence of Wills' incompetence was his failure to perfect an appeal. This assertion is without merit in view of Wills' letter to Jennings following the denial of Jennings' motion for a new trial. A letter dated May 23, 1966, from the trial judge to Wills informing him of the denial of Jennings' motion, omitting formal parts, reads as follows:

"Attorney Charles H. Wills
209 Commerce Building
South Bend, Indiana

Re. No. 13984, State of Indiana
v. Homer Jennings Jr.

Dear Mr. Wills:

Please be advised that on this date the court has denied your motion for new trial. In the event you no longer represent said defendant, will you please convey said information to the defendant so that he may pursue his remedy if he so wishes.

> Very truly yours,
> (Signed) Norman Kopec
> Norman Kopec, Judge
> St. Joseph Superior Court"

This correspondence resulted in Wills' subsequent letter dated May 25, 1966, to Jennings which, omitting formal parts, stated as follows:

"Mr. Homer Jennings Jr.
Indiana Reformatory
Pendleton, Indiana

> Re: No. 13984, State of Indiana
> v. Homer Jennings Jr

Dear Sir:

The enclosed letter is for your information.

I recall that I tried the case as Public Defender. However, I am no longer Public Defender, and I have not been retained to prosecute this appeal.

You should retain counsel of your choosing at once.

> Very truly yours,
> (Signed)  Charles H. Wills
> Charles H. Wills"

The above letters were admitted into evidence in connection with Jennings' belated motion for new trial as Exhibits "A" and "B", respectively.

After receiving notice that Wills no longer could represent him, Jennings retained another attorney, Isadore Rosenfeld,

who filed a belated motion for new trial. Thus, Wills, by reason of the fact that he notified his cilent of his inability to continue as counsel and perfect an appeal, was divested of any further responsibility for Jennings' defense. At that point, Jennings could have notified the office of the Public Defender of his desire to continue to oppose his conviction and substitute counsel would have been assigned.

That Wills failed to file a notice of alibi is not reversible error. Jennings has not shown that he was prejudiced by such failure. Although IC 1971, 35-5-1-3, Ind. Ann. Stat., § 9-1633 (Burns 1956), states:

"Alibi—Failure to file notice and statements—Evidence excluded—* * * At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. * * *.",

Dorothy Jennings' testimony was not excluded by the trial court. Therefore, it cannot be discerned that Jennings was placed in any worse position than he would have been had Wills filed notice of alibi.

If Wills failed to confer with Jennings but once and failed to advise his client of his inability to locate alibi witnesses, proof of such allegations might add support to the claim of incompetency. However, we are presented with nothing to substantiate these claims other than the testimony of Jennings at the post-conviction relief hearing. The personal communications between attorney and client would be difficult to verify in any case. That these observations on the part of Jennings were not expressed until more than five years after the trial and at such time as Wills, then deceased, could not dispute them, does not contribute to their credibility.

Jennings next contends that Wills impaired his ability to

represent him adequately by accepting responsibility for the defense of another implicated in the same crime.

In reviewing this contention we are only concerned with the question of Wills' alleged incompetency. 21 Am. Jur. 2d, *Criminal Law*, § 319, at 348, states that,

> "Although the court is authorized to assign more than one lawyer in a criminal proceeding, the appointment of one attorney to represent two defendants indicted for participation in the same crime is not improper, unless the interests of the defendants are shown to be in conflict." (Footnotes omitted.)

In the instant case, the interests of the co-defendants, Jennings and Jones, have not been shown to be in conflict. The contention by appellant that the co-defendant's interests were divergent is unsupported. Therefore, Wills' consent to the representation of both does not, in itself, indicate poor judgment or incompetent performance. Appellant relies extensively upon *Glasser* v. *United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457, which deals with the constitutional question of whether a co-defendant's rights under the Sixth Amendment to the Federal Constitution were denied by the appointment of the same counsel to represent both defendants. Therein the court found a sufficient possibility for the existence of conflicts of interest between the co-defendants to warrant a holding that Glasser's right to assistance of counsel was denied. *Glasser* did not involve a question of incompetency; rather, the question was purely constitutional.

If Jennings wished to submit an argument on appeal that his constitutional rights were violated because he and his co-defendant were represented by the same counsel irrespective of the question of incompetency, such argument should have been stated in his motion to correct errors. The assertion that Jennings was denied assistance of counsel by reason of a possible conflict in interests between he and co-defendant Jones may not now be entertained under the guise of incompetency.

The second issue presents the question of whether the trial court erred in utilizing a friend of the complaining witness as a Spanish interpreter.

Without a demonstration that Jennings was prejudiced by the use of an interpreter friendly to the prosecution's witness, Montmoyor, appellant may not succeed on this question. Annotation 172 A.L.R. 923, at 941 (1948), states that,

> "There appears to be no instance in the reports of the reversal of a trial judge's decision to employ a person as interpreter as against the objection that the person proposed was friendly to the plaintiff or the prosecution."

Also, in *State* v. *Burns* (Iowa, 1899), 78 N.W. 681, at 681-682, a prosecution for seduction, the court stated:

> "The prosecuting witness is a deaf mute,—Maggie Moriarty, —and, when on the stand as a witness, one Miss Williams, who was a friend of hers, was interpreter; and it is insisted that it was error to permit a friend of the witness to be the interpreter. There is not a thing to show unfairness or prejudice from the use of the interpreter. Mere friendship will not raise a presumption of prejudice. In such matters the trial court has a discretion that is not to be interfered with, unless there is an abuse of it. Swift v. Applebone, 23 Mich. 253; Skaggs v. State, 108 Ind. 53, 8 N.E. 695."

The final issue is whether Jennings' sentence was improperly corrected from an indeterminate penalty of not less than ten nor more than twenty-five years to a determinate period of not less than ten nor more than twenty years.

The corrected sentence resulted from the holding in *Dembowski* v. *State*[1] (1968), 251 Ind. 250, 240 N.E.2d 815, which stated that the crime of robbery is a lesser included offense of the crime of armed robbery and held that the Legislature

---

1. *Dembowski* has been followed in the following cases: *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E. 2d 230; *Moore* v. *State* (1972), 257 Ind. 715, 276 N.E. 2d 840; *Jackson* v. *State* (1971), 257 Ind. 589, 275 N.E. 2d 538; *MacTate* v. *State* (1971), 256 Ind. 55, 267 N.E. 2d 76; *McDougall* v. *State* (1970), 254 Ind. 62, 257 N.E. 2d 674; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E. 2d 498.

could not provide a more severe penalty for a lesser included offense than was provided for by the greater offense.

Jennings was originally sentenced according to IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), which exceeded the maximum penalty for armed robbery by five years. Appellant now contends that the court in *Dembowski* did not have the authority or power in that case, or any subsequent case, to redefine the penalty for robbery.

We have ruled upon this question in *Jacobs* v. *State* (1972), 153 Ind. App. 102, 286 N.E.2d 224, which followed the decision in *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. In *Landaw*, at 69-70 of 258 Ind., at 231 of 279 N.E.2d, the court stated:

> "That this argument has force cannot be doubted. It clearly is within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401, and this Court has no power to alter that legislative determination. However cogent the argument, it is misplaced in this context since we have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by constitutionally limiting the maximum penalty to five years in this case, attempt to re-define the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence."

In view of the above quoted language from *Landaw*, Jennings may not succeed on this issue.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 297 N.E.2d 909.