Owen J. FOUGHT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–0807–CR–623.

Court of Appeals of Indiana.

Dec. 29, 2008.

Jeremy K. Nix, Matheny, Michael, Hahn & Denman, L.L.P., Huntington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Owen J. Fought (Fought), appeals his conviction for public intoxication, a Class B misdemeanor, Ind. Code § 7.1–5–1–3.

We affirm.

### ISSUE

Fought raises two issues on appeal, which we restate as the following single issue: Whether the State presented sufficient evidence to prove beyond a reasonable doubt that Fought committed public intoxication.

### FACTS AND PROCEDURAL HISTORY

Around 3:40 a.m. on March 22, 2008, Bart Rumbler (Rumbler), a cashier at the Johnson Junction gas station in Huntington, Indiana, noticed a vehicle pull in between two gas pumps. The vehicle parked there, blocking access to both pumps. Rumbler observed two people in the car, but never saw anyone exit the vehicle. After the vehicle remained parked there for approximately fifteen to twenty minutes, Rumbler notified the Huntington City Police Department.

When the officers arrived at the gas station, they found Fought in the front passenger seat and Dan Lehman (Lehman) in the back seat. Both men were "asleep or passed out." (Transcript p. 46). After opening the vehicle's doors, it took the officers several minutes to wake up Fought and Lehman. Officer Andrew Ellet (Officer Ellet) noticed a strong alcoholic odor emanating from the interior of the car. After Fought woke up and exited the car, he was "uncooperative," repeatedly telling the officers to talk to his attorney. (Tr. p. 49). When he did speak, his speech was "extremely slurred," and Officer Patrick Scher (Officer Scher) noted that there was a "pretty heavy" odor of alcohol coming from his breath. (Tr. pp. 54, 88). His clothes were disheveled and he was unsteady on his feet, swaying in a circular manner, and he was leaning against the vehicle. His eyes were "very red, watery, [and] bloodshot." (Tr p. 49). Officer Ellet offered Fought a portable breath test, which he refused.

Both Fought and Lehman thought they were in Fort Wayne. Lehman explained to the officers that he and Fought had first gone to a club and then to a restaurant in Fort Wayne. Fought had driven them to the club and restaurant. Lehman admitted to being intoxicated and, even though he had told the officers earlier that a third party had driven the car to Huntington, now Lehman conceded that he had "no idea" who had been the driver. (Tr. p. 119). Likewise, Fought did not know how he had ended up in Huntington.

On March 24, 2008, the State filed an Information charging Fought with public intoxication at the Johnson Junction gas station, a Class B misdemeanor, I.C. § 7.1–5–1–3. On June 16, 2008, the trial court conducted a bench trial. At the close of the evidence, the trial court found Fought guilty as charged. On the same day, the trial court imposed a 180–day sentence, with all but thirty days suspended, and one year of probation.

Fought now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Fought contends that the State failed to present sufficient evidence to support his conviction of public intoxication. Specifically, he presents this court with a two-fold argument: (1) he was not in a public place

or place of public resort when he was arrested; and (2) he was not intoxicated.

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied.* We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* at 213. A conviction may be based upon circumstantial evidence alone. *Id.* Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

A person commits public intoxication as a Class B misdemeanor when a person is "in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance." I.C. § 7.1–5–1–3. Thus, in order to establish that Fought committed public intoxication, the State was required to prove that he was intoxicated while in a public place or place of public resort.

### I. *Public Place or Place of Public Resort*

First, Fought disputes that he was in a public place or place of public resort at the time of his arrest. Specifically, he contends that because he was asleep inside a vehicle located on the property of a private gas station, he was not in a public place for purposes of the statute.

Although the term "public place" or "place of public resort" is not defined by statute, Indiana courts have nevertheless always applied a consistent interpretation of the term. A "public place" does not mean only a place devoted to the use of the public. *Wright v. State*, 772 N.E.2d 449, 456 (Ind.Ct.App.2002) (quoting *State v. Tincher*, 51 N.E. 943, 944 (1898)); *see also Jones v. State*, 881 N.E.2d 1095, 1097 (Ind.Ct.App.2008). It also means a place that "is in point of fact public, as distinguished from private,—a place that is visited by many persons, and usually accessible to the neighboring public." *Jones*, 881 N.E.2d at 1097 (quoting *Wright*, 772 N.E.2d at 456).

In *Heichelbech v. State*, 258 Ind. 334, 281 N.E.2d 102, 106 (1972), our supreme court determined that "an automobile service station, a business establishment open to the public," is a public place or a place of public resort. In his brief, Fought attempts to distinguish Heichelbech on the fact that *Heichelbech* exited his vehicle at the gas station whereas Fought remained inside his vehicle until he was removed by the police. However, we find Fought's distinction to be without merit.

The purpose and spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places. *Wright*, 772 N.E.2d at 456. Additionally, "[t]he purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *State v. Sevier*, 117 Ind. 338, 20 N.E. 245, 246–47 (1889). The evidence here establishes that Fought's vehicle was parked in between two gas pumps, blocking access to either pump. As such, Fought's presence impaired the flow of traffic and impeded customers from being able to obtain service. Because the public is entitled to protection from the annoyances and deleterious effects of having intoxicated people park their car between gas pumps, we conclude that Fought's conduct falls within the purview

of "public place or place of public resort" of the public intoxication statute. *See* I.C. § 7.1–5–1–3.

## II. *Intoxication*

 Next, Fought asserts that the State failed to prove that he was intoxicated at the time of his arrest. Intoxication is defined by statute as being "under the influence of: (1) alcohol, . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9–13–2–86. Impairment can be established by evidence of (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech. *Fields v. State*, 888 N.E.2d 304, 307 (Ind.Ct.App. 2008).

Here, both Officer Ellet and Scher testified that they smelled a strong odor of alcohol emanating from the interior of the car and from Fought's breath. Fought's clothes were disheveled and he was uncooperative, repeatedly telling the officers to talk to his attorney. (Tr. p. 49). The officers noticed that Fought's speech was extremely slurred, and he was unsteady on his feet, swaying in a circular manner. Both Officers observed that Fought's eyes were "very red, watery, [and] bloodshot." (Tr p. 49). When the officers asked Fought where he was, Fought thought he was still in Fort Wayne. Fought did not know how he had ended up at the gas station in Huntington. From the evidence before us, we conclude that the trial court was presented with sufficient evidence of probative value that Fought was intoxicated.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to prove beyond a reasonable doubt that Fought committed public intoxication.

Affirmed.

DARDEN, J., and VAIDIK, J., concur.