**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 04 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRADLEY A. ROZZI**
Hillis, Hillis, Rozzi & Knight
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANTOS ULLOA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 09A05-1107-CR-358 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard Maughmer, Judge
Cause No. 09D02-1102-CM-66

**January 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Santos Ulloa appeals his conviction of Public Intoxication,[1] a class B misdemeanor. Ulloa presents two issues for review, which we consolidate and restate as whether the evidence was sufficient to support his conviction.

We affirm.

On February 5, 2011, Sergeant Carlos Leal of the Logansport Police Department initiated an OWI traffic stop of a vehicle in which Ulloa was the passenger. The driver exited the vehicle and Sgt. Leal learned that he did not have a valid driver's license and he was taken into custody. Sgt. Leal went to the passenger side and asked Ulloa to exit the vehicle. Sgt. Leal could smell alcohol on Ulloa's breath and the officer noted that Ulloa's eyes were red and glassy and his speech was slow and slurred. Ulloa was unable to tell the officer where he (i.e., Ulloa) lived. Ulloa told the officer that he had "consumed a few beers that night." *Transcript* at 6. Based upon these observations, Sgt. Leal arrested Ulloa for public intoxication. Ulloa was tried in a bench trial and found guilty as charged. The court imposed a sentence that did not include jail time or probation, but instead required Ulloa to undergo a drug and alcohol evaluation and pay a $250 drug and alcohol program fee, plus $164.00 in court costs.

Ulloa presents two issues for review, one claiming that the court used the incorrect definition of "intoxication" as that term is used in I.C. § 7.1-5-1-3 and the other that the evidence proving intoxication was not sufficient. The former claim is that the court should have applied the definition of "intoxication" utilized in Title 9 cases, i.e., those involving OWI charges, which includes the element of impairment. *See* Ind. Code Ann. § 9-13-2-86

---

[1]  Ind. Code Ann. § 7.1-5-1-3 (West, Westlaw through end of 2011 1st Regular Sess.).

(West, Westlaw through end of 2011 1st Regular Sess.) ("'[i]ntoxicated' means under the influence of alcohol … so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties"). "Intoxicated" is not defined in I.C. § 7.1-5-1-3, but the trial court opined that the definition in this provision did not include the element of impairment. In short, Ulloa contends that the trial court erroneously convicted him without proof of impairment. Accepting for the sake of argument that a conviction for public intoxication under I.C. § 7.1-5-1-3 does require such proof, the evidence was sufficient even under the standard set out in I.C. § 9-13-2-86.[2]

Ulloa contends the evidence was insufficient to prove the element of intoxication under I.C. § 7.1-5-1-3.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

*Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

Our courts have held that the element of impairment under Title 9 can be established by evidence of the following: "(1) the consumption of a significant amount of alcohol; (2)

---

[2] We note that the trial court was less convinced than we are on this point. The court stated, "if you show me that impairment is a requirement under current Indiana law as it relates to the PI statute then I may find in favor of the defendant." *Transcript* at 24. Having read the transcript, it is clear to us that the trial court's reservations about the evidence are not related to factual matters, but instead to the legal standard to be applied thereto.

impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009) *opinion adopted,* 929 N.E.2d 196 (Ind. 2010) (quoting *Fought v. State,* 898 N.E.2d 447, 451 (Ind. Ct. App. 2008)). In the instant case, the State's evidence demonstrated that at the time of his arrest, Ulloa had bloodshot eyes, the "strong" odor of alcohol on his breath, and slurred speech. *Transcript* at 5. He acknowledged that he had consumed "a few beers" earlier that evening. *Id*. at 6. Moreover, he could not provide Sgt. Leal with a home address, which the officer attributed to Ulloa's intoxication. This evidence was sufficient to prove impairment even under the more exacting standard utilized in Title 9 cases. *See*, *e.g.*, *Vanderlinden v. State*, 918 N.E.2d 642 (Ind. Ct. App. 2009) (the evidence of intoxication was deemed sufficient where officer smelled alcohol on the defendant's breath, the defendant's eyes were red, and she failed the one field sobriety test administered by the arresting officer), *trans. denied*. Ulloa's argument to the contrary amounts to a request for this court to reweigh the evidence, which we will not do. *Bailey v. State*, 907 N.E.2d 1003.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.