**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 21 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE JOSEPH, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CR-570 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner
Cause No. 49F19-1104-CM-25056

**February 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Willie L. Joseph was convicted of public intoxication, a Class B misdemeanor. He appeals, raising the sole issue of whether sufficient evidence was presented at trial to sustain Joseph's conviction of public intoxication. Concluding that sufficient evidence was presented, we affirm.

## Facts and Procedural History

Officer Eric Huxley, employed by the Indianapolis Metropolitan Police Department, was working in the downtown area on April 10, 2011. While patrolling the area near Conseco Fieldhouse, he came across a group of people. Among the crowd, he saw an injured man lying on the sidewalk bleeding from his right eye. After speaking to the man, Officer Huxley crossed the street to speak with Joseph.

Joseph was leaning with his hand on a street sign and his head slightly drooped. Joseph told Officer Huxley he had hit the man because the man had stolen one hundred dollars from him. During the conversation, Officer Huxley noticed that Joseph had an odor of alcohol, had slowed, slurred speech, and had trouble standing without leaning against something. Officer Huxley later testified that, based on his experience as a police officer and contact with intoxicated individuals, he was of the opinion that Joseph was intoxicated.

The State charged Joseph with battery, a Class A misdemeanor, and public intoxication, a Class B misdemeanor. On June 2, 2011, the State dismissed the battery charge and Joseph was convicted of public intoxication following a bench trial. He was sentenced to one hundred and eighty days at the Marion County Jail, with ninety days suspended to probation. Joseph now appeals his conviction.

2

## Discussion and Decision

### A. Standard of Review

When reviewing a claim of insufficient evidence, we do not reweigh the evidence, nor do we reevaluate the credibility of witnesses. Jones v. State, 881 N.E.2d 1095, 1097 (Ind. Ct. App. 2008). We view the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which a reasonable fact-finder could find the defendant guilty beyond a reasonable doubt. Id. A conviction may be based upon circumstantial evidence alone. Fought v. State, 898 N.E.2d 447, 450 (Ind. Ct. App. 2008). Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. Id.

### B. Sufficiency of the Evidence

Indiana Code section 7.1-5-1-3 states that "[i]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance." Intoxication is defined as being under the influence of alcohol and/or a controlled substance "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. "Impairment can be established by evidence of (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech." Fought, 898 N.E.2d at 451. "With respect to the sufficiency of the evidence upon the element of intoxication, it is established that . . . a conviction may be sustained upon the sole testimony of the

3

arresting officer." Wright v. State, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002). The "purpose and spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places." Fought, 898 N.E.2d at 450.

Joseph concedes that he was in a public place when arrested. His sole contention on appeal is that the evidence presented does not establish that he was intoxicated. Officer Huxley testified that Joseph had the odor of alcohol emanating from his person, had unsteady balance, and had to lean on objects to stand. Officer Huxley also observed that Joseph had slow, slurred speech. Officer Huxley observed Joseph exhibit three of the seven indicators from Fought and testified that he believed Joseph to be intoxicated. Not all of the seven indicators must be present to sustain a conviction for public intoxication.

"[A] conviction may be sustained upon the sole testimony of the arresting officer." Wright, 772 N.E.2d at 460. In addition, Joseph told Officer Huxley that he had hit the man that was lying on the sidewalk. The purpose of the public intoxication statute is to prevent people from becoming intoxicated and bothering or threatening the safety of others while in a public place. Fought, 898 N.E.2d at 450. This is the type of situation that the statute was meant to address.

When reviewing a claim of insufficient evidence, we do not reweigh the evidence or reevaluate the credibility of witnesses. Jones, 881 N.E.2d at 1097. From the evidence before us, we conclude that the trial court was presented with sufficient evidence of probative value to determine that Joseph was intoxicated in a public place. The conviction is supported by sufficient evidence.

<u>Conclusion</u>

Based on the foregoing, we conclude the State presented sufficient evidence to prove beyond a reasonable doubt that Joseph committed public intoxication, and therefore we affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.