**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADLEY BERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1201-CR-40 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1105-CM-37876

**August 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Bradley Berry appeals his conviction for public intoxication, a Class B misdemeanor, following a bench trial. Berry presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 27, 2011, Berry and some friends were hanging out at the Indianapolis Motor Speedway during most of the day and into the evening. As they were leaving, Berry and his friend Mikal Garrett began to argue, and Berry knocked a beer out of Garrett's hand. Berry then hit a sign posted outside of a tent. Reserve Officer Raymond Hurt, with the Speedway Police Department, was off-duty working security when he observed Berry's conduct and approached him. Officer Hurt observed that Berry was not steady on his feet, had bloodshot eyes, and smelled of an alcoholic beverage. Berry was also argumentative with Officer Hurt, who called for assistance from another police officer.

Officer Benjamin Rupenthal, also with the Speedway Police Department, arrived at the scene and observed that Berry was unsteady on his feet, had bloodshot eyes, smelled of alcohol, and was argumentative. Berry was uncooperative with the officers and refused to stop yelling despite the officers' instructions to do so. Officer Rupenthal ultimately arrested Berry.

2

The State charged Berry with public intoxication, a Class B misdemeanor.  The trial court found him guilty as charged and entered judgment and sentence accordingly.  This appeal ensued.

## DISCUSSION AND DECISION

Berry contends that the State presented insufficient evidence to support his conviction.  When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005).  It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.  Id. at 906.

To prove public intoxication, the State had to show that Berry was in a public place in a state of intoxication caused by his use of alcohol or a controlled substance.  See Ind. Code § 7.1-5-1-3.  Berry concedes that it is "uncontroverted that Mr. Berry was in a public area" at the time of his arrest.  Brief of Appellant at 4.  His sole contention on appeal is that the State failed to prove that he was intoxicated.  We cannot agree.

Intoxication is defined by statute, in relevant part, as being under the influence of alcohol so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.  Ind. Code § 9-13-2-86.  This definition does not require proof of a blood alcohol content.  Miller v. State, 641 N.E.2d 64, 69 (Ind. Ct. App. 1994),

trans. denied. Impairment can be established by evidence of (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech. Fought v. State, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008).

In essence, Berry maintains that without direct evidence that he had consumed alcohol, his conviction cannot stand. But Berry asks that we reweigh the evidence, which we will not do. The State presented testimony from both Officer Hurt and Officer Rupenthal that Berry had bloodshot eyes, had an odor of alcohol on his breath, and was unsteady on his feet. In addition, Berry was uncooperative and argumentative with the officers. Further, the officers testified that they had been trained in the detection of signs of intoxication and that Berry was, in their opinion, intoxicated. The State presented sufficient evidence to prove that Berry was intoxicated in a public place. See id. (holding evidence sufficient to show defendant's intoxication where defendant's breath smelled of alcohol, he was uncooperative, exhibited slurred speech and bloodshot eyes, and was unsteady on this feet).

Affirmed.

KIRSCH, J., and MAY, J., concur.