**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 09 2012, 8:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KELLY MILLARD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1204-CR-297 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Keene, Judge Pro Tempore
Cause No. 49F18-1106-FD-45554

**November 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Kelly Millard appeals his conviction for operating a vehicle while intoxicated as a class D felony.[1] Millard raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

The facts most favorable to the conviction follow. On June 25, 2011, Indianapolis Metropolitan Police Officer Ryan Irwin observed a traffic backup at the intersection of 38th Street and Commercial in Indianapolis, and when he responded to the cause of the backup he came upon the scene of a single car accident in which the car had struck a temporary concrete barrier, turning sideways, and blocked traffic on a single lane bridge. Officer Irwin observed Millard, who was bleeding from his face, walking away from the accident, which had occurred less than a minute earlier. Millard appeared confused and unsteady on his feet, and he confirmed to Officer Irwin that he had been the driver of the vehicle.

Officer Irwin directed Millard to sit on a guardrail for his safety due to his injuries, but Millard was unsteady and continued to try and stand up from the guardrail. Due to concerns regarding traffic and Millard's injuries, Officer Irwin did not administer any field sobriety tests. Millard was loaded into an ambulance, and Officer Irwin then inventoried Millard's vehicle and discovered two bottles of beer in the passenger side floorboard, one empty and one full.

Indianapolis Police Officer Christopher Cooper arrived at the scene after Millard had been loaded into the ambulance, and he spoke with Millard and noticed an odor of alcohol on Millard's breath and his person. Officer Cooper also observed that Millard's

---

[1] Ind. Code §§ 9-30-5-2(b) (2004); 9-30-5-3 (Supp. 2008).

eyes were glassy and that his speech was lethargic. Based upon his training and experience, Officer Cooper identified that Millard was intoxicated, and he asked Millard questions about the incident. Millard confirmed again that he had been the driver of the vehicle, but soon became "abusive" in his answers and began refusing to answer questions. Transcript at 15. Officer Cooper was unable to administer field sobriety tests because Millard was under medical care, and read Millard the Indiana Implied Consent Law. Millard refused to submit to chemical testing.

On June 26, 2011, the State charged Millard with Count I, operating a vehicle while intoxicated as a class A misdemeanor; Count II, public intoxication as a class B misdemeanor; and Count III, operating a vehicle while intoxicated as a class D felony. On February 16, 2012, the court held a bench trial in which evidence consistent with the foregoing was presented. Millard's cousin Scotty Manley testified during Millard's case-in-chief that Millard arrived at Manley's residence on the morning of June 25, 2011 after working a night shift, that during the day they worked on Millard's vehicle for several hours, that Manley drove Millard's car and purchased the beers while Millard stayed at the home, that Manley opened one of the beers and consumed some of it while the car was running, that Manley at one point went inside to use the restroom, and that when he returned Millard and the vehicle were gone. Manley also testified that Millard had not been drinking alcohol that day. The court found Millard guilty as charged. On March 15, 2012, the court held a sentencing hearing, merged Counts I and II into Count III, and sentenced Millard to 545 days with 180 days to be served on home detention and 365 days suspended to probation.

3

The issue is whether the evidence is sufficient to sustain Millard's conviction for operating a vehicle while intoxicated. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. A conviction may be based upon circumstantial evidence alone. Fought v. State, 898 N.E.2d 447, 450 (Ind. Ct. App. 2008). Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. Id.

The offense of operating a vehicle while intoxicated is governed by Ind. Code § 9-30-5-2, which provides that "a person who operates a vehicle while intoxicated commits a Class C misdemeanor," but "[a]n offense . . . is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." Ind. Code § 9-30-5-3 provides that "a person who violates section 1 or 2 of this chapter commits a Class D felony if . . . the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter . . . ."

4

Millard argues that the State failed to prove that he was intoxicated. "Intoxicated" means under the influence of alcohol, a controlled substance or a combination of them "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86 (Supp. 2006). "The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication." Woodson v. State, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012), trans. denied. Rather, a person's impairment is to be determined by considering his capability as a whole, not component by component, such that impairment of any of these three abilities equals impairment. Id. Such impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. Id. (citing Fought, 898 N.E.2d at 451). Proof of intoxication does not require proof of a Blood Alcohol Content level. Ballinger v. State, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999); Jellison v. State, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995).

Millard argues that "[t]he circumstances surrounding this OWI case are unique" because "[n]o field sobriety, breath tests, or blood tests were done on the defendant, despite the fact that he was hospitalized following the car accident." Appellant's Brief at 8. Millard argues that "to establish the intoxication element, the State was required to prove, beyond a reasonable doubt, that [he] had consumed alcohol, which caused an impairment," but that here "any impairment on the part of Millard could easily be attributable to the circumstances surrounding his car accident." Id. Millard also argues

5

that "[t]he physical evidence at the scene corroborates [his] account that his clothes were doused with beer during the crash because Officer Irwin found an empty bottle of beer on the passenger side floorboard," and the beer could have "gotten onto [his] clothing during the impact of the crash" and been the source of the "odor of alcohol coming from [him]." Id. at 9. The State argues that Millard "struck a stationary object while operating his vehicle, and his breath smelled of alcohol. These facts, coupled with [his] glassy eyes, unsteady gait, lethargic speech, as well as his belligerence towards the police officers sufficiently show that [he] was intoxicated." Appellee's Brief at 4.

The record reveals that Millard was involved in a single car accident in which he struck a temporary concrete barrier, turning his car sideways and blocking traffic on a single lane bridge. Upon coming into contact with Millard, Officer Irwin observed that he was "unsteady on his feet" and repeatedly attempted to stand up from the guardrail where Officer Irwin had ordered him to sit. Transcript at 4-5. Officer Irwin observed that the car Millard had been driving contained two bottles of beer including an empty bottle. Officer Cooper observed an odor of alcohol emanating from Millard's breath and his person, and also noticed that Millard's eyes were glassy and that his speech was lethargic. Millard became "abusive" in answering Officer Cooper's questions and refused to answer some questions. Id. at 15. In addition to this evidence Officer Cooper testified that, based upon his training and experience, it was his opinion that Millard was "under the influence of an alcoholic beverage at the time," or intoxicated. Id. Such testimony is sufficient to support Millard's conviction. See Woodson, 966 N.E.2d at 142 (citing Wright v. State, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002) ("With respect to the

sufficiency of the evidence upon the element of intoxication, it is established that a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting officer."). Millard's arguments are "little more than a request to reweigh the evidence, which we will not do." See id.

Based upon the record, we cannot say that the inferences made by the fact finder were unreasonable. Thus, we conclude that evidence of probative value exists from which the court could have found Millard guilty beyond a reasonable doubt of operating a vehicle while intoxicated as a class D felony.[2] See Broderick v. State, 249 Ind. 476, 479-480, 231 N.E.2d 526, 527-528 (1967) (holding that the jury was warranted in finding that the defendant was intoxicated where two witnesses testified that in their opinion the defendant was intoxicated, defendant's car smelled of alcohol, defendant weaved from side to side of the road, and defendant's speech was "thick"), cert. denied, 393 U.S. 872, 89 S. Ct. 161 (1968); Fought, 898 N.E.2d at 451 (holding that the evidence was sufficient to sustain the defendant's conviction for public intoxication where police officers smelled a strong odor of alcohol emanating from the interior of the vehicle and from the defendant's breath, the defendant was uncooperative, unsteady, slurred his speech, and his eyes were red, watery, and bloodshot); Hall v. State, 174 Ind. App. 334, 336-337, 367 N.E.2d 1103, 1106-1107 (1977) (holding that the evidence was sufficient to sustain the defendant's conviction for driving while under the influence of liquor where witnesses who saw the defendant immediately following the accident believed that she was

---

[2] We note that Millard confines his arguments on appeal to challenging proof that he was intoxicated. He does not challenge that he had a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the instant offense.

intoxicated, the defendant's car smelled of alcohol, and her vehicle was "driving very fast" and "out of control").

For the foregoing reasons, we affirm Millard's conviction for operating a vehicle while intoxicated as a class D felony.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.