Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONICA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MELISSA BRANDON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-000521 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Judge
Cause No. 49F19-1307-CM-043775

**June 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Melissa Brandon ("Brandon") was convicted in Marion Superior Court of Class B misdemeanor public intoxication. Brandon appeals and argues that the State presented insufficient evidence to support her conviction.

We affirm.

**Facts and Procedural History**

Around three o'clock in the morning on July 4, 2013, Indianapolis Metropolitan Police Officer James Hurt ("Officer Hurt") was dispatched to investigate a disturbance in a residential neighborhood. When he arrived at the scene, Officer Hurt observed Brandon standing in the middle of the street, stumbling and screaming profanities at a woman who was standing on the porch of a nearby house. Officer Hurt observed that Brandon had poor balance, slurred speech, and was behaving belligerently. As he approached, Officer Hurt also noticed that she smelled of alcohol and that some time passed before Brandon even noticed that Officer Hurt had arrived at the scene and was attempting to subdue her. Officer Hurt asked Brandon several times to stop shouting, but Brandon ignored him and continued to yell at the woman who was standing on the porch. Officer Hurt attempted to persuade Brandon to leave the scene, indicating that he would arrest her if she did not. Brandon refused, and continued to yell and threaten. Officer Hurt then placed Brandon under arrest.

On July 4, 2013, the State charged Brandon with Class B misdemeanor public intoxication. A bench trial was held three months later, on October 3, 2013. The trial court found Brandon guilty as charged. At the sentencing hearing immediately following

Brandon's bench trial, the trial court sentenced Brandon to 180 days in the Department of Correction with 178 days suspended. Brandon now appeals.

**Discussion and Decision**

Brandon argues that the State presented insufficient evidence to support her conviction for public intoxication. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact, here the judge, to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

Pursuant to Indiana Code section 7.1-5-1-3(a),

It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance, if the person:

(1) endangers the person's life
(2) endangers the life of another person;
(3) breaches the peace or is in imminent danger of breaching the peace; or
(4) harasses, annoys, or alarms another person.

Brandon claims that the State did not prove that she was intoxicated. Indiana Code section 9-13-2-86 defines "intoxicated" as "under the influence of alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." See Fought v. State, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008)

(citing Indiana Code section 9-13-2-86). The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication. Curtis v. State, 937 N.E.2d 868, 873 (Ind. Ct. App. 2010). Rather, a person's impairment is to be determined by considering her capability as a whole, not component by component, such that impairment of any of these three abilities equals impairment. Id. And such impairment can be established by evidence of: (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. Fought, 898 N.E.2d at 451.

Brandon argues that the record does not contain "any reference whatsoever to either drugs or alcohol." Appellant's Br. at 6. She further asserts, "[t]he officer rendered his opinion that Melissa was intoxicated. Despite [Brandon's] requests that a breathalyzer or sobriety tests be administered, the officer did not do so." Id. She declares that "Officer Hurt's opinion that she was intoxicated falls short of the statutory requirement that her intoxication was due to the use of drugs or alcohol." Id.

We disagree. The State presented sufficient evidence to demonstrate that Brandon was intoxicated at the time of the offense. Officer Hurt testified that, based upon his training and experience, it was his opinion that Brandon was intoxicated. This itself is sufficient to support Brandon's conviction. See Wright v. State, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002) ("With respect to the sufficiency of the evidence upon the element of intoxication, it is established that a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting

4

officer."). Officer Hurt testified that he observed Brandon shouting and cursing from the middle of the street. He stated that she was staggering and stumbling, that her speech was slurred, that she smelled of alcohol, that she was behaving belligerently, and that she initially failed to notice his presence and then refused to leave the scene when he asked her to.

Brandon's argument is simply a request for this court to reweigh the evidence and judge the credibility of a witness, which we will not do. We therefore conclude that the State presented sufficient evidence to support Brandon's conviction of Class B misdemeanor public intoxication.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.