**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 21 2015, 6:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KAREN K. HARDISON,              )
                               )
    Appellant-Defendant,       )
                               )
        vs.                 )    No. 87A01-1407-CR-293
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-1301-CM-12

**January 21, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Karen K. Hardison appeals her conviction, following a jury trial, for operating a vehicle while intoxicated, as a Class C misdemeanor. She presents one issue for our review, namely, whether the evidence is sufficient to support her conviction.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

At approximately 9:00 p.m. on December 28, 2012, James Hawkins and his son-in-law, Tracy Young, drove on Degonia Road in Warrick County when they came upon Hardison's overturned vehicle, which obstructed the roadway. At the time, it was snowing, and one to two inches of snow had accumulated on the ground. Hawkins called 9-1-1 while Young, a Deputy Fire Chief at Wright-Patterson Air Force Base, exited Hawkins' vehicle and checked on Hardison, who was still in the vehicle but not injured. When Hardison realized that Hawkins had called 9-1-1, she became agitated and told the two, "[D]on't call 9-1-1, don't call the law." Tr. at 45. Young helped Hardison exit her vehicle, and, when he did, he observed that she smelled of alcohol and seemed intoxicated.

Warrick County Sheriff's Department Deputy Matt Gallagher responded to Hawkins' call. As Deputy Gallagher conducted an accident investigation, he smelled alcohol on Hardison, and he noticed that her eyes were bloodshot and her speech was slurred. Thus, Deputy Gallagher contacted Matthew Lockridge, a senior trooper with the Indiana State Police, to conduct an intoxication investigation while he continued to focus on clearing the accident from the roadway. In his accident report, Deputy Gallagher cited

2

the snowy condition of the roadway surface as the primary cause of the accident because "alcohol is never the primary cause" of an accident, but he noted that this does not mean that alcohol was not a contributing factor. Id. at 108-09.

When Trooper Lockridge arrived at the scene, he began his intoxication investigation. Hardison told Trooper Lockridge that, when the accident occurred, she was returning from a restaurant in Boonsville where she was "having a few drinks with friends." Id. at 132. She explained that she had consumed "two alcoholic teas." Id. Trooper Lockridge planned to conduct field sobriety tests on Hardison but believed that it would be unfair to do so in the snowy elements. Thus, he transported Hardison to the Warrick County Jail.

At the jail, Trooper Lockridge conducted three field sobriety tests on Hardison, namely, the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Hardison failed all three. Hardison exhibited all three signs required to fail the horizontal gaze nystagmus test, and with respect to the walk-and-turn test, Hardison "missed heel-to-toe, stepped off line, and used her arms for balance." Id. at 139. Moreover, when Hardison performed the one-leg stand test, she "put her foot down, used her arms for balance, swayed, and hopped." Id. Trooper Lockridge also observed that Hardison had slurred speech and bloodshot eyes. At the conclusion of the tests, at 10:36 p.m., Trooper Lockridge administered a certified breath test, which measured Hardison's blood-alcohol content at .16.

The State charged Hardison with operating a vehicle while intoxicated, as a Class C misdemeanor ("Count I"); operating a vehicle while intoxicated endangering a person,

as a Class A misdemeanor ("Count II"); and operating a vehicle with an alcohol content equivalent of .15 or more, as a Class A misdemeanor ("Count III"). After a two-day jury trial, held on June 2-3, 2012, the court directed a verdict in favor of Hardison on Count II, and the jury acquitted her on Count III but convicted her on Count I. The court sentenced Hardison to sixty days at the Warrick County Jail, which it suspended to one year of probation. This appealed ensued.

## DISCUSSION AND DECISION

Hardison contends that the State presented insufficient evidence to support her conviction. Our standard of review for sufficiency of the evidence claims is well-settled. Tobar v. State, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

Pillow v. State, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

To convict Hardison of operating a vehicle while intoxicated, as a Class C misdemeanor, the State had to prove that she "operate[d] a vehicle while intoxicated." Ind. Code § 9-30-5-2(a). The Indiana Code defines intoxication, in relevant part, as "under the influence of alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9-13-2-86(1). "Impairment can be established by evidence of (1) the consumption of significant amount

4

of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; [and] (7) slurred speech." Fought v. State, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008).

Hardison argues that the evidence was insufficient because the State did not prove impairment. But the evidence most favorable to the verdict demonstrates that Hardison was impaired. She admitted to consuming alcohol, and she failed three sobriety tests, which themselves indicated "impaired attention and reflexes." Fought, 898 N.E.2d at 451. Further, Hardison exhibited watery, bloodshot eyes; the odor of alcohol on her breath; unsteady balance; and slurred speech. See id.

Further, Hardison argues that the evidence was insufficient because a directed verdict was granted on Count II and because she was acquitted on Count III. But our supreme court has held that "[j]ury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." Beattie v. State, 924 N.E.2d 643, 649 (Ind. 2010). And Count II and Count III required proof of additional elements, distinct from those contained in Count I. Therefore, we hold that her convictions are supported by sufficient evidence.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.