## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2018, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Mason,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 14, 2018

Court of Appeals Case No.
18A-CR-240

Appeal from the Johnson Superior Court

The Honorable Peter D. Nugent, Judge

Trial Court Cause No.
41D02-1610-F6-483

**May, Judge.**

[1] Daniel Mason appeals his conviction of Level 6 felony operating a vehicle while intoxicated.[1] Mason argues there is insufficient evidence to support his conviction and his sentence is inappropriate. We affirm and remand.

## Facts and Procedural History

[2] On October 14, 2016, Deputy Jason Wienhorst responded to a call about a suspicious driver. Deputy Wienhorst observed a truck cross over the center line after a "burnout."[2] (Tr. Vol. II at 40.) Deputy Wienhorst activated his emergency lights and siren, and he pursued the truck, which did not immediately pull over. After stopping the vehicle, Deputy Wienhorst ordered the driver, Mason, out of the car. Mason staggered out of the vehicle and swayed as he walked back to Deputy Wienhorst. Deputy Wienhorst smelled alcohol on Mason and noticed Mason had glassy and bloodshot eyes. Deputy Wienhorst attempted to conduct a field sobriety test, but Mason did not cooperate. As Deputy Wienhorst conducted the test, Mason did not follow the stimulus and instead stared at the Deputy. This occurred multiple times, even though Deputy Wienhorst reviewed the instructions each time and Mason

---

[1] Ind. Code § 9-30-5-2(a) (a person who operates a vehicle while intoxicated commits a Class C misdemeanor); Ind. Code § 9-30-5-3 (2014) (raising Class C misdemeanor to Level 6 felony for prior conviction of OWI within five years).

[2] Deputy Wienhorst defined a "burnout" as "spun the tires, where you apply pressure on the brake, and the gas at the same time, breaks the tires loose, causes them to spin, and in return it makes the rear of the vehicle break loose from traction and cause it be somewhat out of control." (Tr. Vol. II at 40.)

confirmed he understood them. Deputy Weinhorst found a half empty case of beer inside the truck and two open cans of beer in the cupholders.

[3] Deputy Wienhorst placed Mason under arrest and obtained a warrant to draw his blood. Mason's blood-alcohol level was .257%. Mason was charged with Level 6 felony operating a vehicle as a habitual traffic violator,[3] Level 6 felony operating while intoxicated with a prior conviction, Class A misdemeanor operating while intoxicated endangering a person,[4] and Class C misdemeanor operating while intoxicated.[5] The State also filed an information alleging Mason was a Habitual Vehicular Substance Offender,[6] because he had at least two prior unrelated convictions of a "vehicular substance offense." (Appellant's App. Vol. 2 at 120.)

[4] At trial, a jury found Mason guilty of Class C misdemeanor operating while intoxicated and Level 6 felony operating while intoxicated, and determined Mason was a Habitual Vehicular Substance Offender. The trial court merged the Class C misdemeanor into the Level 6 felony and imposed a 2.5-year sentence for the felony conviction. The court then enhanced that sentence by 6

---

[3] Ind. Code § 9-30-10-16(a)(1) (2015).

[4] Ind. Code § 9-30-5-2 (2001).

[5] Ind. Code § 9-30-5-2 (2001).

[6] Ind. Code § 9-30-15.5-2 (2015).

years because Mason is a Habitual Vehicular Substance Offender, such that Mason's sentence for the Level 6 felony was 8.5 years.[7]

# Discussion and Decision

## Sufficiency of Evidence

[5] Mason argues the record contains insufficient evidence to support his conviction. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* at 126 (internal citation omitted).

[6] Mason specifically challenges the admission of the State's evidence to prove intoxication. The testing revealed Mason's blood alcohol level was .257%, which is well above the legal limit. *See* Ind. Code § 9-30-5-1 (2001) (defining legal limit as .08%). Mason believes the blood drawn from him was mishandled and, therefore, did not accurately reveal his blood-alcohol level. Mason claims the vial of blood was shaken and was not refrigerated, both of

---

[7] The trial court's Order and Abstract of Judgment do not indicate Mason was found to be a Habitual Vehicular Substance Offender. As that finding is needed to enhance his sentence it should be reflected in the orders, and we direct the trial court to amend those orders accordingly. Additionally, the Order contains language stating Mason waived his right to appeal; however, we find no support for that in the transcript and direct the trial court to remove that language in the amended order.

which would alter the results of the blood test. However, Robert Ruhl, a forensic scientist for the Indiana Department of Toxicology, testified as to the effects of the mistreatment of the blood sample. Ruhl said that the tipping or shaking of the blood would have no effect on the test and the lack of refrigeration, if it were to have an effect, would lower the alcohol level in the blood. Accordingly, Mason has not demonstrated the alleged mistreatment of his blood sample rendered the test result invalid or prejudicial.

[7] Furthermore, the State did not need to rely on a chemical test to prove intoxication. "Impairment can be established by evidence of (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech." *Fought v. State*, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008). Deputy Wienhorst testified he observed Mason drive his truck erratically, cross the center line and speed away. Deputy Wienhorst watched Mason stagger and sway as he walked, noticed Mason had bloodshot and glassy eyes, and smelled alcohol on Mason. Mason failed to follow instructions to complete a field sobriety test. Open beer cans and a half empty case of beer were found in the truck. Based on these facts, the evidence was sufficient to prove intoxication. *See, e.g.*, *Fields v. State*, 888 N.E.2d 304, 308 (Ind. Ct. App. 2008) (affirming conviction of operating while intoxicated based on similar evidence proving intoxication).

# Inappropriate Sentence

[8] Mason argues that, in light of his character and the nature of his offense, his sentence was inappropriate.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[9]    Regarding the nature of the offense, the trial court acknowledged Mason was driving without a license.  Mason also had a passenger in the vehicle, and Mason put the passenger in danger.  As a result of performing a burnout, Mason also endangered other drivers when he crossed over the center line and created a lot of dust, smoke and debris, making it difficult for other drivers to see.

As for Mason's character, the trial court noted Mason's thirteen prior misdemeanors and six prior felonies including his six prior convictions of operating a vehicle while intoxicated.  Mason argues the court did not recognize several mitigating factors such as his two young children, his financial support for his family, and his potential to receive treatment.  However, during the presentence investigation, Mason admitted he did not have a job or any money and asserted he did not believe further treatment for his substance abuse would do any good.  Mason also expressed disinterest in probation or any other community supervision.  The trial court did acknowledge Mason was respectful towards the jury and court staff.

[10]   The sentencing guideline for a Level 6 felony is 6 months to 2.5 years. Ind. Code § 35-50-2-7(b) (2016).  The sentencing guidelines allow for an enhancement following an adjudication as a Habitual Vehicular Substance Offender of one to eight years.  Ind. Code § 9-30-15.5-2(d) (2015).  Considering Mason's character and the nature of his offense, we do not believe his sentence of eight and half years is inappropriate.

# Conclusion

[11] The evidence demonstrates that Mason was intoxicated and, therefore, guilty of Level 6 felony operating a vehicle while intoxicated. Also, in light of Mason's character and the nature of his offense, Mason's eight-and-half-year sentence is not inappropriate. Nevertheless, we remand for the trial court to fix the Order and Abstract of Judgment as stated in footnote 7.

[12] Affirmed and remanded.

Baker, J., and Robb, J., concur.